Argued and submitted November 28, 1988, affirmed February 22, reconsideration denied May 5, petition for review denied June 13, 1989 (308 Or 142)

## MERKHOFER,
*Appellant,*

*v.*

## SAFECO INSURANCE COMPANY
## OF AMERICA et al,
*Respondents.*

## (87-0540C; CA A47194)

769 P2d 232

Stephen Simms, Portland, argued the cause for appellant. With him on the briefs was Brandt & Associates, Portland.

Carrell F. Bradley, Hillsboro, argued the cause for respondents Safeco Insurance Company of America and First National Insurance Company of America. With him on the briefs was Schwenn, Bradley, Batchelor, Brisbee & Stockton, Hillsboro.

James M. Callahan, Portland, argued the cause for respondents Lynn Eves and Lynn Eves Insurance. With him on the briefs was Bittner & Barker, P.C., Portland.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff appeals from summary judgments in favor of defendants Safeco Insurance Company (Safeco), First National Insurance Company of America (First National),[1] and Lynn Eves and Lynn Eves Insurance Company (Eves). We affirm.

In 1984, plaintiff and her husband obtained automobile liability coverage with Safeco through Eves, acting as agent for Safeco. The policy provided $300,000 combined single liability limits and $25,000/50,000 uninsured/underinsured motorist limits (UIM). The policy was renewed and was in force when plaintiff was involved in a motor vehicle accident with an uninsured motorist in 1985. The uninsured motorist was at fault. Plaintiff alleges that her injuries exceeded the $25,000 UIM policy limits.

Plaintiff filed a declaratory judgment action against defendants for failure to offer additional UIM coverage up to the $300,000 limit of the policy's liability coverage, pursuant to ORS 743.789(2).[2] Defendants moved for summary judgment, contending that the language of the "declaration page" and the "insured's statement," coupled with plaintiff's husband's signature on the "insured's statement,"[3] constituted an offer of appropriate UIM coverage under ORS 743.789(2). Plaintiff's husband denies having read the insured's statement and states that he cannot recall signing it, although he admits that the signature is his.

■     To make an offer of UIM coverage adequate to comply with ORS 743.789(2), an insurer must make the coverage

---

[1] First National is a preferred risk company and is a separate corporate component of the Safeco group of insurance companies.

[2] ORS 743.789(2) provides:

"The insurer issuing such policy shall offer one or more options of uninsured motorist coverage larger than the amounts prescribed to meet the requirements of ORS 806.070 up to the limits provided under the policy for motor vehicle bodily injury liability insurance."

[3] The "insured's statement" contains the following language just above the signature line.

"I acknowledge that I have been offered Uninsured and Underinsured Motorist coverage with limits up to the Bodily Injury Liability limits. I have elected to purchase the limits shown on the Declaration page."

The "declaration page" states the statutory minimum amount of UIM coverage.

available *and* effectively communicate its availability to the insured. *White v. Safeco Insurance Co.,* 68 Or App 11, 680 P2d 700, *rev den* 297 Or 492 (1984). Thus, our inquiry must focus on the language of any provisions or statements of coverage constituting an offer and the adequacy of the process by which the offer was communicated.

■　　Plaintiff first argues that the quoted provision, *see* n 3, *supra,* is inadequate to constitute an offer under ORS 743.789(2), because it lacks detail regarding the available uninsured/underinsured coverage. We disagree. The statute requires only that the insurer "shall offer one or more options." Neither the statute nor judicial interpretations of it specify the degree of detail required. The language of the insured's statement and the declaration page, coupled with the acknowledgment provision of defendant's insurance application, constitutes an offer adequate to comply with the requirements of ORS 743.789(2).

■　　Our next inquiry is whether Safeco failed to communicate the offer adequately if plaintiff's husband did not read the materials presented or the acknowledgment provision before signing. Plaintiff does not contend, nor is there evidence, that the agent or anyone else tried to obscure or conceal the relevant provisions while obtaining the signature. Indeed, plaintiff's husband's deposition testimony indicates that he was aware that he was obtaining UIM coverage and that he participated in selecting the amount of coverage. There is no allegation that plaintiff's husband lacked adequate language skills or opportunity to understand what was written and presented to him. There is no claim of fraud. Under these circumstances, there is no material question of fact.

　　　Affirmed.